IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>Plaintiff,<br><br>v.<br><br>VALLEY, et al.,<br><br>Defendants. | No. 2:21-CV-1414-DAD-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion, ECF No. 23, for injunctive relief.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an

1

1 injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public
2 interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).  The Court cannot,
3 however, issue an order against individuals who are not parties to the action.  See Zenith Radio
4 Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).  Moreover, if an inmate is seeking
5 injunctive relief with respect to conditions of confinement, the prisoner's transfer to another
6 prison renders the request for injunctive relief moot, unless there is some evidence of an
7 expectation of being transferred back.  See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975);
8 Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).
9         In this case, Plaintiff seeks the return of unspecified personal and legal property
10 from California State Prison – Los Angeles, Richard J. Donovan Correctional Facility, California
11 State Prison – Corcoran, California State Prison – Sacramento, and Salinas Valley State Prison.
12 See ECF Nos. 23, 53.  Plaintiff's complaint in this action, however, concerns the alleged conduct
13 of various prison officials at the California Health Care Facility.  See ECF No. 1.  Plaintiff has not
14 presented any allegations against prison officials at any of the other facilities listed above.
15 Because this Court lacks jurisdiction over any individuals at California State Prison – Los
16 Angeles, Richard J. Donovan Correctional Facility, California State Prison – Corcoran, California
17 State Prison – Sacramento, or Salinas Valley State Prison, the requested injunctive relief is not
18 available.  See Zenith Radio Corp., 395 U.S. at 112.
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

Based on the foregoing, the undersigned recommends that Plaintiff's motion for injunctive relief, ECF No. 23, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 1, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE