UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>    Plaintiff,<br><br>    v.<br><br>VALLEY, et al.,<br><br>    Defendants. | No.  2:21-cv-01414-DAD-DMC (PC)<br><br>ORDER DENYING REQUEST FOR RECONSIDERATION OF THE ASSIGNED MAGISTRATE JUDGE'S JUNE 14, 2022 ORDER<br><br>(Doc. No. 43) |

Plaintiff Raymond Alford Bradford is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 14, 2022, the assigned magistrate judge issued an order granting defendants' request for an extension of time in which to respond to plaintiff's complaint.  (Doc. No. 41.) Therein, the magistrate judge concluded that defendants had shown good cause for the requested extension of time because the Correctional Law Section of the Attorney General's Office was understaffed.  (*Id.*)

On June 27, 2022, plaintiff filed a document with the title "Plaintiff's Objection to June 14, 2022 Order." (Doc. No. 43.)  The undersigned will construe plaintiff's filing as a "Request for Reconsideration by the District Court of Magistrate Judge's Ruling," as provided by Local

1

Rule 303(c). The standard of review for "all such requests is the 'clearly erroneous or contrary to law' standard set forth in 28 U.S.C. § 636(b)(1)(A)." L.R. 303(f) (citing Fed. R. Civ. P. 72(a)).

Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may be referred to and decided by a magistrate judge, subject to review by the assigned district judge. Fed. R. Civ. P. 72 (a); *see also* L.R. 303(c). The district judge shall modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law." L.R. 303(f); *see also* 28 U.S.C. § 636(b)(1)(A). The magistrate judge's factual determinations are reviewed for clear error, while legal conclusions are reviewed to determine whether they are contrary to law. *United States v. McConney*, 728 F.2d 1195, 1200–01 (9th Cir. 1984), *overruled on other grounds by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991). "A magistrate judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of [the] applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted).

Here, plaintiff objects to the magistrate judge's June 14, 2022 order granting defendants an extension of time in which to respond to plaintiff's complaint, but plaintiff does not articulate any basis for reconsideration, nor explain how the magistrate judge's order is "clearly erroneous or contrary to law." Indeed, courts have discretion to grant requests for extensions of time, and the magistrate judge found good cause to do so in this case.

Accordingly, plaintiff's request for reconsideration of the magistrate judge's June 14, 2022 (Doc. No. 43) is denied.

IT IS SO ORDERED.

Dated:  **November 3, 2022**

                                       UNITED STATES DISTRICT JUDGE